IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>GREENPOINT MORTGAGE FUNDING INC, et al.,<br><br>    Defendants.<br>_____/ | No. 11-03019 CW<br><br>ORDER GRANTING PLAINTIFF JOHN WILSON'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REMANDING COMPLAINT |

    Plaintiff John Wilson applies for leave to proceed in forma pauperis (IFP) on this removed action against several Defendants involved in the foreclosure of real property. The matter was decided on the papers. Having considered all of the papers filed by Plaintiff Wilson, the Court GRANTS the application to proceed IFP and remands the complaint.[1]

DISCUSSION

    A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is

---

[1] Two other individuals are plaintiffs in the state complaint.

evident from his application that his assets and income are insufficient to enable him to prosecute the action. Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

The Court's grant of Plaintiff Wilson's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff Wilson is attempting to remove a complaint that he and two other individuals filed in state court.

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal question jurisdiction is determined by examining the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In his notice of removal, Plaintiff Wilson states that there is federal question jurisdiction because the complaint alleges claims based on the federal Fair Debt Collections Practices Act and

2

the Truth in Lending Act.  However, the complaint does not allege these causes of action.  It alleges three state causes of action labeled:  (1) setting aside of sale; (2) cancellation of deed; and (3) setting aside unlawful detainer.  Federal jurisdiction is determined from the complaint, not the notice of removal.  Because there are no federal causes of action alleged in the complaint, this Court lacks jurisdiction over it and it must be remanded.

     Furthermore, removal is the procedure used by defendants who are sued in state court and who wish to litigate the claims filed against them in federal court.  Plaintiffs may choose the forum in which they wish to litigate their claims and, therefore, do not need to use the removal procedure for litigating federal claims in federal court.

     For the foregoing reasons, this case is remanded to the superior court for the County of Alameda.

     IT IS SO ORDERED.

Dated: 7/14/2011

CLAUDIA WILKEN  
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN R WILSON et al,

        Plaintiff,

  v.

GREENPOINT MORTGAGE FUNDING INC et al,

        Defendant.

Case Number: CV11-03019 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Wilson
22349 Peralta Street
Hayward, CA 94541

Jose Amaya
22349 Peralta Street
Hayward, CA 94541

Maria Elena Montano
22349 Peralta Street
Hayward, CA 94541

Dated: July 14, 2011

                          Richard W. Wieking, Clerk
                          By: Nikki Riley, Deputy Clerk

4